**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE ARITA,<br>Petitioner,<br><br>v.<br><br>SHAWN P. JENKINS,<br>Respondent. | Civil Action No. 26-CV-15046-AK |

**MEMORANDUM AND ORDER**

**KELLEY, D.J.**

Petitioner Jose Arita ("Arita") has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Dkt. 1]. For the reasons set forth below, the Court construes the petition as one filed under 28 U.S.C. § 2241, denies the Petition, and dismisses this action.

## I. Background

On November 10, 2026, Jose Arita filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging that his constitutional rights were violated in connection with a disciplinary proceeding. [Dkt. 1]. Named as Respondent is Shawn P. Jenkins. [Id.]. Arita did not pay the $5.00 filing fee nor file an Application to Proceed in District Court without Prepaying Fees or Costs.

Arita alleges that while recovering from knee surgery, he was ordered to move from his cell in Unit L1 to one in Unit J2, a unit he describes as run by "dangerous gang members, and everybody is high on drugs." [Id. at ¶ 3(A)]. Arita states that he refused to move because he "fear[ed] he would get hurt and would not be able to defend himself because of his knee

surgery." [Id.]. Arita states that "in retaliation he received [ ] D-Report 5547385 [in spite of the fact that] the hearing officer [knew] the facts and the reasons behind petitioner's refusal to move to J2." [Id.]. Arita "appealed to the superintendent [who] refused to answer the appeal and subjected the petitioner to sanction of 60 days loss telephone." [Id.]. For relief, Arita seeks to have the disciplinary report dismissed and the sanction lifted. [Id. at 4]. Attached to the Petition is a copy of the October 30, 2026 Disciplinary Report. [Dkt. 1-1].

## II. STANDARD OF REVIEW

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; see McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). In conducting this review, the Court liberally construes the petition because Arita is proceeding *pro se*. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The Court construes Arita's 2254 petition as a petition filed under 2241 because he is challenging the manner in which his sentence is being executed and not the validity of the underlying criminal judgment. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Section 2254 authorizes federal courts to consider federal constitutional claims brought by defendants convicted and sentenced in state courts. See 28 U.S.C. § 2254(a) (a district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [they are] in custody in violation of the

Constitution or laws or treaties of the United States.”). In contrast, a habeas petition may be brought under 28 U.S.C. § 2241 to “attack the execution, rather than the validity” of the sentence. See Dinkins v. Boncher, No. 21-CV-11847, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022) (quoting United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999)).

A challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding. Preiser, 411 U.S. at 500. However, constitutional attacks that do not affect the fact or duration of confinement are not grounds for federal habeas corpus relief and therefore should not be brought in a habeas corpus petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004).

## III. Discussion

Read liberally, the Petition alleges that Arita was denied procedural due process with respect to the disciplinary report, the disciplinary hearing, the finding of guilty after hearing, and the sanction imposed. The disciplinary sanction imposed was the temporary loss of telephone privileges. Because this sanction does not affect the validity or duration of Arita’s confinement, his challenge to the disciplinary proceedings does not provide grounds for relief through a habeas petition.[1] For this reason, the Petition fails to assert a cognizable habeas claim and is DENIED.

## IV. Conclusion

Accordingly,

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Dkt. 1], construed pursuant to 28 U.S.C. § 2241, is **DENIED** and this action is **DISMISSED**.

---

[1] State prisoners, such as Arita, that seek to challenge disciplinary sanctions that do not impact the duration of confinement should be brought as claims under 42 U.S.C. § 1983 (for damages) or Ex Parte Young, 209 U.S. 123 (1908) (for injunctions). See Corral v. Warden, FMC Devens, No. 25-CV-10417, 2026 WL 915197, at *3 (D. Mass. Apr. 3, 2022) (citing Kane v. Winn, 1319 F. Supp. 2d 162, 213, 215 (D. Mass. 2004)).

2. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

Dated: November 13, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge